Case 2:07-cv-01958-GHK-AJW   Document 3   Filed 03/28/2007   Page 1 of 6

Shirley Sexton v. Menu Foods Income Fund et al.                          Doc.

ORIGINAL

____ Priority
____ Send
____ Clsd
⌐___ Enter
____ JS-5/JS-6
____ JS-2/JS-3

DOCKETED ON CM

MAR 30 2007

BY _____ 021

FILED
CLERK, U.S. DISTRICT COURT

MAR 28 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY SEXTON, | No. CV 07-1958-GHK (AJWx) |
| Plaintiff[s], | |
| vs. | ORDER RE: CASE MANAGEMENT |
| MENU FOODS INCOME FUND, et al., | **(REVISED AS OF NOVEMBER, 2006)** |
| Defendant[s]. | **READ IMMEDIATELY** |

This case has been assigned to the calendar of Judge George H. King. The court fully adheres to Rule 1 of the Federal Rules of Civil Procedure, which requires that the Rules be "construed to secure the just, speedy and inexpensive determination of every action."

Counsel shall also be guided by the following special requirements:

1. Plaintiff shall <u>promptly</u> serve the complaint in accordance with Fed. R. Civ. P. 4 and file proofs of service pursuant to Local Rule 5.8.

2. The attorney attending any proceeding before this court <u>must</u> be the attorney who is primarily responsible for the conduct of the case.

3. **COURTESY COPIES: A courtesy copy of all papers filed with the court shall be delivered to chambers at Room 660, Roybal Federal**

Building, on the day of filing.  Papers filed without a courtesy copy
delivered to chambers WILL BE REJECTED AND WILL NOT BE CONSIDERED.

    4.  MOTIONS:

    (a)  Motions shall be filed and set for hearing in accordance
with Local Rule 7-2, et seq. (formerly Local Rule 7).  Motions shall be
set on Mondays at 9:30 a.m. unless otherwise ordered by the court.  If
a Monday is a court holiday, no  motions shall be set on the succeeding
Tuesday.  Any motions noticed for a holiday shall automatically be
continued to the next Monday.

    Counsel should take special note of the recent changes to
the Local Rules which affect motion practice in this court.  Among other
things, counsel should be aware that Local Rule 7-3 (formerly Local Rule
7.4.1) requires that counsel engage in a pre-filing conference "to
discuss thoroughly . . . the substance of the contemplated motion and
any potential resolution."  The court expects counsel to discharge their
obligation under Local Rule 7-3 in good faith.  Even if a motion is
still necessary after a good faith pre-filing conference, counsel should
have sufficiently discussed the issues so that the briefing will be
directed to those substantive issues which require resolution by the
court.  Minor procedural or other non-substantive matters should be
resolved by counsel during the course of the conference.

    Counsel should also take note that Local Rule 11-6
(formerly Local Rule 3.10) limits all memoranda of points and
authorities to "25 pages in length, excluding indices and exhibits,
unless permitted by order of the judge."  The court is of the view that
the 25-page limitation is more than adequate for counsel to set forth
his/her points and authorities, especially if counsel carefully reviews
and edits the memorandum to ensure a concise and focused presentation.

2

1  Accordingly, routine requests to exceed the page limitation will be
2  **DENIED**.  Leave to exceed the page limitation will be granted only in
3  extraordinary circumstances where counsel makes an adequate showing of
4  specific facts in support of an application to exceed the page
5  limitation.

6      (b)  Unless clearly justified under the circumstances of the
7  case, "motions to dismiss or in the alternative for summary
8  adjudication" are discouraged.  These composite motions tend to blur the
9  legitimate distinction[s] between the two motions, which have different
10 purposes.  Frequently, the composite motions introduce evidence that is
11 extrinsic to the pleadings.  On the one hand, such evidence is improper
12 for consideration on a Fed. R. Civ. P. 12(b)(6) motion, while on the
13 other hand, treatment of the motion as a Rule 56 motion frequently
14 results in reasonable invocation of Rule 56(f) by the non-moving party.

15     (c)  Moreover, Rule 12(b)(6) motions are discouraged unless
16 counsel has a good faith belief that such motion will likely result in
17 dismissal, without leave to amend, of all or at least some of the claims
18 under applicable law.

19     (d) No party may file more than one motion pursuant to Fed. R.
20 Civ. P. 56 regardless of whether such motion is denominated as a motion
21 for summary judgment or summary adjudication.

22     (e)  Generally, the court will rule on motions on the papers
23 submitted, and without oral argument.  Accordingly, counsel are advised
24 to place all authorities and arguments in their moving or opposing
25 papers.  Counsel are reminded that the reply shall be limited to
26 argument and/or authorities responsive to the opposition papers.  Any
27 improper introduction of new matter in the reply will be ignored by the
28 court.

1    5.   DISCOVERY:   ALL DISCOVERY MATTERS ARE REFERRED TO A UNITED

2    STATES MAGISTRATE JUDGE (see initials in parentheses following the case

3    number).  Discovery disputes of a significant nature should be brought

4    promptly before the Magistrate Judge.  The court does not look favorably

5    upon delay resulting from unnecessarily unresolved discovery disputes.

6    Counsel are directed to contact the clerk for the assigned Magistrate

7    Judge to schedule matters for hearing.  The words <u>DISCOVERY</u> <u>MATTER</u> shall

8    appear in the caption of all documents relating to discovery to ensure

9    proper routing.

10       The decision of the Magistrate Judge shall be final and binding,

11   subject to modification by the District Judge only where it has been

12   shown that the Magistrate Judge's order is clearly erroneous, contrary

13   to law, or an abuse of discretion.

14       6. EX PARTE APPLICATIONS:  Ex Parte Applications are considered on

15   the papers and are not normally set for hearing.  Counsel are advised to

16   file and serve their ex parte applications as soon as they realize that

17   extraordinary relief is necessary.   This court entertains ex parte

18   applications only in extraordinary circumstances -- sanctions may be

19   imposed for misuse of ex parte applications.  <u>See</u> <u>In Re: Intermagnetics</u>

20   <u>America, Inc.</u>, 101 Bankr. 191 (C.D. Cal. 1989).  The requesting party

21   shall serve the application by personal delivery or fax, and notify the

22   responding party that opposing papers must be filed within 24 hours of

23   such service.  Moreover, at the time of the application, the applicant

24   shall comply with Local Rule 7-19.1 (formerly Local Rule 7.18.1), which

25   <u>inter</u> <u>alia</u>, requires the applicant to advise the court in writing of the

26   efforts to contact opposing counsel and of that counsel's intention to

27   oppose the application.  The moving party's declaration in support of an

28   ex parte application shall affirmatively show compliance with Local Rule

4

1 | 7-19 (formerly Local Rule 7.18) and this Order, failing which the

2 | application shall be DENIED.

3 |     7.   TRIAL PREPARATION:   This court strives to set trial dates as

4 | early as possible and does not approve of unnecessarily protracted

5 | discovery.

6 |     8.   CONTINUANCES:   Continuances are granted only upon a showing of

7 | good cause.   Counsel requesting a continuance MUST submit a DETAILED

8 | declaration setting forth the reason therefor.     Any continuances

9 | requested but not accompanied by said declaration will be rejected.   The

10 | court sets **FIRM** trial dates and will not change them without a showing

11 | of good cause.   **FIRM** trial dates are defined as dates on which counsel

12 | must be ready to proceed; however, the court may trail the action on 48

13 | hours call when necessary (e.g. in the event that a criminal case, an

14 | older civil case, or a case otherwise entitled to precedence by law,

15 | proceeds to trial on said date, or the court is otherwise occupied with

16 | other matters).

17 |     9.   STIPULATIONS:   NO stipulations extending scheduling dates set

18 | by this court are effective unless approved by the court.     All

19 | stipulations must be accompanied by a DETAILED declaration explaining

20 | the reason for the stipulation.   Any stipulation not in compliance with

21 | this Order or the Local Rules of the Central District will be rejected.

22 | Stipulations shall be submitted well in advance of the relief requested.

23 | Counsel wishing to know whether or not a stipulation has been approved

24 | shall comply with Local Rule 11-4.5 (formerly Local Rule 3.5.5).

25 |     10.   NOTICE OF REMOVAL:   All documents filed in state court,

26 | including answers and documents appended to a complaint, MUST be refiled

27 | in this court as a supplement or exhibit to the Notice of Removal.   If

28 | an answer has not as yet been filed, said answer or responsive pleading

1 | shall be filed in accordance with the Federal Rules of Civil Procedure
2 | and the Local Rules of the Central District.  Any pending motions must
3 | be re-noticed in accordance with Local Rule 7-2, et seq.

4 | 11.  BANKRUPTCY APPEALS:  Counsel shall comply with the ORDER RE
5 | PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the
6 | time  the  appeal  is  filed  in  the  District  Court.   The  matter  is
7 | considered submitted upon the filing of the appellant's reply brief.  No
8 | oral argument is held unless otherwise ordered by this court.

9 | 12.  EARLY MEETING OF COUNSEL: [Deleted in light of the Amendments
10 | to the Federal Rules of Civil Procedure effective December 1, 2000.  See
11 | separate Order Setting Scheduling Conference.]

12 | 13.  PREPARATION FOR STATUS CONFERENCE: [Deleted in light of the
13 | Amendments to the Federal Rules of Civil Procedure effective December 1,
14 | 2000.  See separate Order Setting Scheduling Conference.]

15 | 14.  NOTICE:  Counsel for plaintiff, or plaintiff if appearing on
16 | his or her own behalf, in an action commenced in this court, and counsel
17 | for defendant or defendant in pro per in a removed action, shall serve
18 | a  copy  of  this  Order  on  all  other  parties  or  their  counsel  at  the
19 | earliest possible time.  Counsel, or any party required to give notice
20 | of this Order, shall file proof of service of such notice within 48
21 | hours of the service of such notice.

22 | IT IS SO ORDERED.
23 | DATED:  This 28 day of March, 2007.

GEORGE H. KING
United States District Judge