Case 2:07-cv-01958-GHK-AJW   Document 7   Filed 04/25/2007   Page 1 of 4

Shirley Sexton v. Menu Foods Income Fund et al.                                                    Doc.

**MURCHISON & CUMMING, LLP**
GINA E. OCH (State Bar No. 170520)
Email: goch@murchisonlaw.com
801 S. Grand Ave., 9th Floor
Los Angeles, California 90017
Telephone: (213) 623-7400
Facsimile: (213) 623-6336

Attorneys for *Defendants*

**KERSHAW, CUTTER & RATINOFF, LLP**
STUART C. TALLEY (State Bar No. 180374)
E-mail: stalley@kcrlegal.com
980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

**WEXLER TORISEVA WALLACE LLP**
MARK J. TAMBLYN (State Bar No. 179272)
Email: mjt@wtwlaw.us
1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Attorneys for *Plaintiff*

ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT
APR 25 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHIRLEY SEXTON, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MENU FOODS INCOME FUND, MENU FOODS, INC., a New Jersey corporation, MENU FOODS MIDWEST CORPORATION, a Delaware corporation, XUZHOU ANYING BIOLOGIC TECHNOLOGY DEVELOPMENT COMPANY LTD., and SUZHOU TEXTILE IMPORT AND EXPORT COMPANY, <br><br> Defendants. | Case No. 07-CV-01958-GHK (AJWx) <br><br> **STIPULATION AND [PROPOSED] ORDER STAYING ALL PROCEEDINGS AND FOR PRESERVATION OF EVIDENCE** |

DOCKETED ON CM
APR 27 2007

-1-
STIPULATION AND [PROPOSED] ORDER STAYING ALL PROCEEDINGS

WHEREAS, this case is one of over sixty (60) putative class actions filed in this court and several other courts throughout the country for damages and injunctive relief, arising from the manufacture, distribution and/or sale of pet food products by Defendant Menu Foods Income Fund, Menu Foods, Inc., and Menu Foods Midwest Corporation (Collectively referred to as "MENU FOODS");

WHEREAS, on March 30, 2007, Plaintiff Sexton ("Plaintiff") filed a Motion to Transfer and Coordinate or Consolidate Action Pursuant to 28 U.S.C. § 1407 to the Central District of California with the Judicial Panel on Multidistrict Litigation ("MDL Panel"). Other parties have moved for transfer of all related actions to the Southern District of Florida, the Western District of Washington, the District of New Jersey, and the Northern District of Illinois. There are now approximately twenty-eight (28) actions pending in the District of New Jersey. While Plaintiff Sexton initially proposed centralization and transfer to the Central District of California, Plaintiff Sexton now agrees that transfer for coordination and/or consolidation of the actions to the District of New Jersey is appropriate;

WHEREAS, the MDL Panel will determine whether all actions, including this action, should be transferred and coordinated and/or consolidated under 28 U.S.C. § 1407 for pretrial proceedings. The MDL Panel has set this matter for hearing on May 31, 2007 in Las Vegas, Nevada; and

WHEREAS, the parties believe that in the short intervening time between now and a decision by the MDL Panel on transfer and coordination and/or consolidation, a stay of these proceedings will conserve party and judicial resources.

///

IT IS HEREBY STIPULATED by and between the Plaintiff and Defendants, Menu Foods Income Fund, Menu Foods, Inc., and Menu Foods Midwest Corporation, through their designated counsel that this matter, including the deadlines for the parties to participate in class certification and other pretrial proceedings, be stayed pending the establishment of *In re: Pet Food Products Liability Litigation*, MDL Docket No. 1850, and the potential subsequent transfer of this case for coordinated pretrial proceedings with other actions pending throughout the country.

All parties shall, during the pendency of the stay of this matter, comply with their duty to preserve all evidence that may be relevant to this action. This duty extends to documents, electronic data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, or carriers who possess materials reasonably anticipated to be the subject of discovery in this action. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be the subject of discovery under Fed. R. Civ. P. 26, 45 and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible. If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of materials, the party must, to the extent practicable for the pendency of this order, either:

    i)    halt such business practices;

    ii)    sequester or remove such material from the business process; or

///

///

iii) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

IT IS SO STIPULATED.

Dated: April 23, 2007        Respectfully submitted,

KERSHAW, CUTTER & RATINOFF, LLP

By _____
STUART C. TALLEY
Attorneys for Plaintiff

Dated: April 23, 2007        Respectfully submitted,

WEXLER TORISEVA WALLACE LLP

By _____
MARK J. TAMBLYN
Attorneys for Plaintiff

Dated: April 23, 2007        Respectfully submitted,

MURCHISON & CUMMING, LLP

By _____
GINA E. OCH
Attorneys for Defendants

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 4/24/07

_____
THE HONORABLE GEORGE H. KING
UNITED STATES DISTRICT COURT JUDGE

J:\FWS\27612\SEXTON\PLD\STIP AND ORDER TO STAY

-4-